UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CITY OF FALLS CHURCH, VIRGINIA,          )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          Civil Action No. 1:25-cv-00936 RDA/IDD
                                          )
UNITED STATES OF AMERICA. *et al.*,       )
                                          )
          Defendants.                     )
                                          )

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States of America's ("Cross Claimant") Motion for Default Judgment ("Motion") against Vijay Suri and Anjana Suri ("the Suri Crossclaim Defendants"), and Wells Fargo Bank (collectively, "the Crossclaim Defendants"), pursuant to Fed. R. Civ. P. 55(b). Dkt. No. 23. After the Crossclaim Defendants failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Crossclaim [Dkt. No. 3], the underlying Complaint [Dkt. No. 2], Cross Claimant's Motion for Default Judgment, supporting documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that the Motion for Default Judgment be denied without prejudice.

## I.   INTRODUCTION

On April 28, 2025, the City of Falls Church, Virginia, filed a lawsuit to foreclose on property owned by Vijay Suri and Anjana Suri, located at 1001 Parker Street, Falls Church, Virginia, also identified as Lot 16, Block 4, Fowler's Addition to West Falls Church ("Lot 16 Property"), to satisfy delinquent real property taxes. Crosscl. at 5 ¶ 13; Compl. ¶ 16. The United

1

States, Wells Fargo Bank, Vijay Suri, and Anjana Suri are named Defendants in the underlying Complaint. On June 3, 2025, the United States filed a notice of removal to have the case proceed before the United States District Court for the Eastern District of Virginia. Dkt. No. 1. The United States filed their Answer to the Complaint, a Crossclaim against Wells Fargo, Vijay Suri, and Anjana Suri, and a Counterclaim against the City of Falls Church on June 10, 2025, also seeking to foreclose upon the Lot 16 Property to collect unpaid federal income taxes and statutory additions owed by the Suri Crossclaim Defendants. *See* Dkt. No. 3.

Pursuant to 26 U.S.C. §§ 6321 and 6322, Cross Claimant alleges one count of foreclosure of federal tax liens against the Crossclaim Defendants. Crosscl. at 7 ¶ 20. The United States requests that the Court order, adjudge, and decree that: (1) Cross Claimant holds valid and subsisting federal tax liens for unpaid income taxes against the Lot 16 property on the basis that its tax liens attached to the interests of Vijay and Anjana Suri in the Lot 16 Property, (2) said liens be foreclosed against the interests of Vijay and Anjana Suri in the real property, and (3) the Lot 16 Property be sold with the proceeds distributed as follows: first, to the Cross Claimant and other lien holders and property owners according to their respective priorities and interests in the Lot 16 property. *See* Crosscl. at 8. The Cross claimant is also seeking an award of its costs incurred in prosecuting this action. *Id.* Plaintiff also asks for any other relief that the Court deems proper. *Id.* After Crossclaim Defendants failed to respond or appear at any proceedings, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.[1] Crosscl. at 4, ¶

---

[1] The pleadings allege additional bases for establishing this Court's subject matter jurisdiction over this case, including 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402(a). Crosscl. at 4, ¶ 1; *see* Mem. In Supp. Of Mot. For Default J. at 1-2. Having found that subject matter jurisdiction is satisfied under 28 U.S.C. §§ 1331 and 1345, the Court did not find it necessary to discuss all other bases here.

1. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises under federal law because the United States is exercising their right to file an action pursuant to 26 U.S.C. §§ 6321 and 7403. Crosscl. at 4, 6; *see* Mem. In Supp. Of Mot. For Default J. at 1-2.  If a person liable to pay any tax neglects or refuses to pay after demand, the amount owed becomes a lien in favor of the United States on all property and rights to the property. 26 U.S.C. § 6321. When an individual refuses or neglects to pay any tax or discharge their liability thereto, the United States may file a civil action in a United States district court to enforce their lien with respect to such tax or liability, as to any property of the delinquent individual that the individual either has a right, title, or interest in. 26 U.S.C. § 7403.

In the instant case, the United States has a lien in the Lot 16 Property because the Suri Crossclaim Defendants failed to pay delinquent federal income taxes. *See* Crosscl. at 3. The Secretary of the Treasury gave notice of the tax assessments that showed that the Suri Crossclaim Defendants had an outstanding balance in federal income taxes and these Defendants neglected or refused to make full payment of those assessments. Crosscl. at 6 ¶¶ 14, 15, 16, 17. A Final judgment was entered in favor of the United States against the Defendants, and the United States filed its Crossclaim against the Crossclaim Defendants to satisfy that judgment.[2] Crosscl. at 6 ¶ 18. Therefore, this Court has subject matter jurisdiction over the matter.

Generally, two requirements must be satisfied for this Court to exercise personal jurisdiction over a defendant. First, Virginia's long-arm statute must authorize the exercise of jurisdiction. *CFA Inst. V. Inst. Of Chartered Fin. Analysis of India*, 551 F. 3d 285, 292 (4th Cir. 2009). Second, if that authorization exists, then the Due Process Clause of the Fourteenth Amendment requires that the

---

[2] *See United States v. Suri, et al.*, 1:20-cv-01389-TSE-TCB (E.D. Va. Jan. 22, 2021).

defaulting defendant has sufficient minimum contacts with the forum state. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ, Scientist v. Nolan*, 259 F. 3d 209, 205 (4th Cir. 2001). Particularly, the defendant's conduct must have such a connection with Virginia that it is fair for the defendant to be required to defend themselves in a court in the Commonwealth. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L.ED.2d 404 (1984).

Virginia's long arm-statute provides that a court may exercise personal jurisdiction over a person regarding a cause of action arising from that person's "interest in, using, or possessing real property in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(6); *see also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (explaining that Va. Code Ann. § 8.01-328.1 gives Virginia courts personal jurisdiction where a defendant has an interest in real property in Virginia because such party has purposefully availed himself of the privileges and protections of the forum state). In the instant case, the cause of action arises from the Suri Crossclaim Defendants' failure to pay property taxes on the Lot 16 Property, and the United States requests to foreclose on the real property to satisfy the Suri Crossclaim Defendants' delinquent federal income taxes. *See* Compl. ¶ 12; Crosscl. at 3; Mem. In Supp. Of Mot. For Default J. at 1. The Lot 16 Property is located in Arlington County, Virginia, which is deemed real property within the Commonwealth, pursuant to Va. Code Ann. § 8.01-328.1(A)(6). Crosscl. at 4 ¶ 2. Virginia's long arm statute applies to each of the Crossclaim Defendants because each often has an interest in the Lot 16 Property. The Suri Crossclaim Defendants have an interest in the Lot 16 Property because they own the Lot 16 Property, owe real property taxes on the real property, and are facing potential extinguishment of their rights in the property under this Crossclaim. Crosscl. at 3; Compl. ¶ 12. Wells Fargo Bank also has an interest in the Lot 16 Property because they hold the Deed of Trust in the Lot 16 Property. Crosscl. at 5 ¶ 12. The Deed of Trust was executed by City Federal Savings Bank, which merged into and currently operates as Wells Fargo Bank. *Id.*; *see* Exhibit G - City Federal Savings Bank, Dkt. No. 3-7.

4

Crossclaim Defendant Wells Fargo Bank has sufficient minimum contacts with the forum because of their business in the state. Wells Fargo regularly conducts business in Virginia and now holds the Deed of Trust for the Suri Defendants' Lot 16 property, which established a financial interest that will be impacted by this matter. Therefore, this Court has personal jurisdiction over Wells Fargo.

However, this Court does not have personal jurisdiction over the Suri Crossclaim Defendants because there is no proof of service of the summons and Crossclaim on either of the Suri Crossclaim Defendants. A federal court may not exercise personal jurisdiction over a defendant without the procedural requirement of service of the summons being satisfied. *Omni Capital Int'l, Ltd. V. Rudolkf Wolff & Co.*, 484 U.S. 97, 104-105 (1987). A pleading that asserts a new claim for relief against a party in default must be served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 5(a)(2). Federal Rule of Civil Procedure 4(c)(1) requires that a summons must be served with a copy of the complaint.

In the instant case, the Crossclaim is a separate pleading and complaint that asserts a new claim for relief by the United States against Wells Fargo Bank and Vijay and Anjana Suri. Pursuant to Rule 4(c)(1), when the Cross Claimant filed their Answer, Crossclaim, and Counterclaim [Dkt. No. 3], the Cross Claimant was obligated to complete service of both the summons and a copy of the Crossclaim on Wells Fargo Bank and Vijay and Anjana Suri. While the Cross Claimant filed proof of service [Dkt. No. 9] confirming that Wells Fargo Bank received the summons and Crossclaim, on June 18, 2025, pursuant to delivery on Intake Specialist Rene Nordquist, who is designated by law to accept service of process on behalf of Wells Fargo Bank, the Cross Claimant did not file any proof of service as to the Suri Crossclaim Defendants. To date, the Court has only received proof of service filed by the City of Falls Church, Virginia, confirming that the Suri Crossclaim Defendants received the summons and a copy of the underlying Complaint [Dkt. no. 2] as of May 6, 2025. *See* Dkt. Nos.

17, 18. Therefore, the Court does not have personal jurisdiction over Vijay and Anjana Suri as to the Crossclaim by the United States.

## II.   EVALUATION OF PLAINTIFF'S COMPLAINT

Federal Rule of Civil Procedure 55 provides that when a party against whom a judgment for relief is sought has failed to plead or otherwise defend after having received service of the complaint and summons, the clerk must enter the party's default. However, entry of default will be deemed improper where service of process was defective or not completed. Pursuant to Fed. R. Civ. Pro 60, the Court may correct a mistake in a judgment, order, or other part of the record arising from oversight or omission whenever one is found prior to an appeal being docketed. Fed. R. Civ. Pro 60(a). Further, a judgment can be considered void pursuant to Rule 60(b)(4) if the court lacks jurisdiction or there was a due process violation. It is the well-established standard that a judgment entered without proper service is void for lack of personal jurisdiction. *See Pennoyer v.* Neff, 95 U.S. 714, 732-33 (1878) (finding that enforcement of a judgment where the property owner did not receive notice of the action that was reasonably calculated was insufficient to meet requirements of Constitutional Due Process).

In the instant case, the Court finds that the Clerk's Entry of Default as to Vijay and Ajana Suri was granted improperly as there is no proof of service confirming that these Defendants received the Crossclaim. The Court treats the lack of service on Vijay and Anjana Suri as a fundamental jurisdictional defect in the Crossclaim, which would render a default judgment against them as void. It would be improper for this Court to enter default judgment as to the Suri Crossclaim Defendants because the federal law requirements of service have not been met to properly name them as defendants in the Crossclaim. Based on the record of this case, only Crossclaim Defendant Wells Fargo Bank was properly added as a defendant in the United States' case, therefore the Court could only consider the Motion for Default Judgment as to Wells Fargo.

6

However, for the United States to proceed in an action to enforce a tax lien or subject property to payment of tax under 26 U.S.C. § 7403(a), "all persons claiming any interest must be joined [in that action]." 26 U.S.C. § 7403(b). The court would then be required to adjudicate all claims and lien priorities claimed on the real property, and then the court can order a sale of the property and distribute proceeds accordingly. 26 U.S.C. §§ 7403(c). This Court cannot effectively rule on the Motion for Default Judgment because all interested parties have not been properly added to this case. Several of the original defendants in the Crossclaim have claimed no interest in the proceeds of a foreclosure of the Lot 16 Property[3], therefore extinguishing their liens. However, Wells Fargo Bank, Vijay Suri, Anjana Suri, and the City of Falls Church, Virginia have not extinguished their interests in this case. Thus, this Court would have to adjudicate all claims and discuss the interest of these four parties inconsistent with the United States' tax lien in order to determine which liens attach to Lot 16 Property, decide whether to allow the foreclosure of the property, and determine the distribution of proceeds based on the priority of those interests. As owners of the subject real property, Vijay and Anjana Suri have a significant interest in this case, and a decision regarding default judgment has the ability to diminish or fully extinguish all of their interests. Without Vijay and Anjana Suri receiving proper notice through service of the summons and Crossclaim, a ruling that grants this Motion for Default Judgment would result in a violation of the Suri Crossclaim Defendant's constitutional rights. The Court finds that to properly adjudicate the United States' Crossclaim, filed pursuant to 26 U.S.C. § 7403, both Vijay and Anjana Suri would first need to receive proper service and be afforded an

---

[3] The Cross Claimant lists ten (10) parties in the Crossclaim that should be included in the action due to having an interest in the Lot 16 Property and or the proceeds from a potential foreclosure of the real property. Crosscl. at 4-5. All interested parties include: the United States; Vijay Suri; Anjana Suri; the City of Falls Church, Virginia; Shore United Bank, formerly known as Severn Savings Bank FSB; the Virginia Department of Taxation; Flint Hill School; Ajay Nangia; Steven Goodan; and Wells Fargo Bank. *Id.* Through subsequent filings, the following individuals and entities have extinguished their liens and interests in the Lot 16 Property and claim no rights to proceeds in a potential foreclosure of the real property: Steven Goodman; Aja Nangia; Flint Hill School; the Virginia Department of Taxation; and Shore United Bank. *See* Dkt. Nos. 11, 12, 20, 30, and 32. Therefore, the only remaining parties with interest in this matter for the Court to consider are Vijay Suri, Anjana Suri, the United States, Wells Fargo Bank, and the City of Falls Church, Virginia.

opportunity to defend themselves in this action, so that the Court could consider their interests in tandem with all other parties' interests in the real property.

### III. RECOMMENDATION

Based on the reasoning discussed above, the undersigned Magistrate Judge recommends that the Motion for Default Judgment [Dkt. No. 23] be **DENIED without prejudice**. Further, the undersigned recommends that the Clerk's Entry of Default as to Crossclaim Defendants Vijay Suri and Anjana Suri [Dkt. No. 22] be **SET ASIDE**.

### IV. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

/s/

March 10, 2026
Alexandria, Virginia

Ivan D. Davis
United States Magistrate Judge

8